OPINION
{¶ 1} Appellant, Marvin Ward, appeals from his conviction and sentence entered upon his pleas of guilty to two counts of robbery, felonies of the second degree in violation of R.C. 2911.02(A) (2). Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted by a Richland County grand jury for two counts of robbery in the September, 2001 term. Appellant previously had been indicted on one of the robbery counts in Case Number 2000-CR667H, but was re-indicted in the case at bar, Case Number 2001-CR-501 D in the Common Pleas Court of Richland County. Apparently, by virtue of a malfunctioning tape recorder, there was no record of grand jury proceedings on the second indictment.
 {¶ 3} The Richland County Prosecutor offered to resubmit this matter to the grand jury because of the absence of the record. On advice of counsel, appellant waived his right to have the matter re-submitted to the grand jury, together with any time requirements on service of the indictment, and entered his plea of guilty on both counts November 1, 2001. Appellant was sentenced to four (4) years on each count of robbery, to be served concurrently with each other, but consecutively to his sentence in a separate matter.
 {¶ 4} Appellant did not file a direct appeal from either his plea or his sentence.
 {¶ 5} On February 21, 2003, appellant filed a Motion for Judicial Release based on a plea agreement by which the prosecution agreed not to oppose judicial release after appellant had served a total of sixteen (16) months of incarceration. Appellant was granted judicial release May 28, 2003, first to a halfway house and, several months later, to his own home subject to electronically monitored house arrest (EMHA).
 {¶ 6} On July 12, 2004, Appellant was charged with several probation violations. On August 6, 2004, he was recommitted to serve the two concurrent four-year terms for robbery, which previously had been suspended. Appellant was on EMHA from November 10, 2003, when he was released from the halfway house until July 7, 2004, when he was arrested on the above probation violations. The trial court granted appellant's motion for jail time credit for time spent in the halfway house but denied jail time credit for the period of EMHA.
 {¶ 7} On March 1, 2005, appellant filed a pro se Motion for Withdrawal of Guilty Plea. The basis for that Motion was appellant's claim of ineffective assistance of counsel in allowing and/or persuading him to enter a plea of guilty November 1, 2001. Appellant claimed in his supporting affidavit that his counsel was unresponsive to his requests to prepare his defense to the robbery charges; that counsel waived appellant's rights relating to the irregularities in the indictment process and otherwise, without his consent and against his wishes; and that counsel essentially instructed appellant to plead guilty when appellant desired to go to trial. Appellant further claimed that his will was overborne by his counsel's actions, leading him to waive various rights and to plead guilty.
 {¶ 8} On July 27, 2005, the trial court overruled appellant's motion to withdraw his plea of guilty. Previously, on August 19, 2004 and October 6, 2004, the trial court granted appellant's motion for jail time credit for time served in the Crossroads Halfway House and in the Richland County Jail, while refusing to credit him with time spent on EMHA. It is from these orders that Appellant has filed this appeal raising the following three assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN NOT GRANTING JAIL TIME CREDIT TO DEFENDANT FOR TIME SPENT ON ELECTRONICALLY MONITORED HOUSE ARREST AS A CONDITION OF PROBATION.
 {¶ 10} "II. APPELLANT RECEIVED INADEQUATE ASSISTANCE OF COUNSEL IN THAT COUNSEL FAILED TO CONTEST THE INDICTMENT AGAINST DEFENDANT, FAILED TO INVESTIGATE THE CHARGES AND/OR TO CONSULT WITH DEFENDANT, AND PERSUADED DEFENDANT TO PLEAD GUILTY AGAINST HIS WILL.
 {¶ 11} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION (1) IN FAILING TO HOLD A HEARING ON APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA; AND (2) IN NOT ALLOWING APPELLANT TO WITHDRAW HIS PLEA OF GUILTY."
 I., II. III. {¶ 12} Although not an issue raised by either party, this court must address, sua sponte, whether there is a final appealable order ripe for review. State ex rel. White vs. Cuyahoga Metro. Hous. Aut,79 Ohio St. 3d 543, 544, 1997-Ohio-366, 684 N.E. 2d 72.
 {¶ 13} The courts of appeals of Ohio have jurisdiction to review the judgments or final orders of inferior courts within their jurisdiction. See Section 3(B) (2), Article IV, Ohio Constitution; R.C. 2501.02. A final order or judgment is one that affects a substantial right and, in effect, determines the action. R.C. 2505.02(B)(1). General Ace. Ins. Co.vs. Insurance of North America (1989), 44 Ohio St. 3d 17, 20,540 N.E. 2d 266; Harris v. Conrad (June 17, 2002), 12th Dist. No. CA-2001-12 108.
 {¶ 14} An appeal as of right may be taken by the filing of a timely notice of appeal with the clerk of the trial court in which the judgment was entered. App.R. 3(A). The only jurisdictional requirement for an appeal as of right is the filing of the notice of appeal in a timely manner. App.R. 4(A) states:
 {¶ 15} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 16} The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. Therefore, while in the general sense, this court has jurisdiction to hear appeals in criminal cases, that jurisdiction must be invoked by the timely filing of a notice of appeal. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. State v.Alexander, 10th Dist. Nos. 05AP-129, 05AP-245, 2005-Ohio-5997 at ¶ 17.
 {¶ 17} While appellant is entitled to a right of appeal, that right to appeal expired when both appellant and counsel failed to file a notice of appeal within the time required by App.R. 4(A). Therefore, the court has no jurisdiction to entertain an appeal as of right from the conviction and sentence below. State v. Alexander, supra at ¶ 19.
 {¶ 18} In the case sub judice, with respect to appellant's first assignment of error, appellant did not appeal within thirty days as mandated by App.R. 4(A) either the trial court's August 19, 2004, or the trial court's October 6, 2004 Judgment Entry granting him credit for time served in the Richland County Jail and the Crossroads Halfway House but refusing to grant appellant credit for time spent on Electronically Monitored House Arrest (See, Appellant's Brief filed July 27, 2006 at 2.) Rather, on August 1, 2005 appellant filed another motion for jail time credit. "Although appellant's motion was styled as a motion for jail time credit, in essence, there was no difference between it and a motion for reconsideration of the trial court's prior ruling on appellant's first motion for jail time credit." State v. Beaudry
(November 2, 2001), 6th Dist. No. L-01-1288 at n. 1.
 {¶ 19} The Supreme Court of Ohio has held that a request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion. Id. at 60, 531 N.E.2d 713, citing Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, 381, 423 N.E.2d 1105. Such a motion cannot be used to extend the time for filing a notice of appeal. See Kauder v. Kauder
(1974), 38 Ohio St.2d 265, 313 N.E.2d 797. These same principles have been extended to criminal cases. See Cleveland Heights v.Richardson (1983), 9 Ohio App.3d 152, 458 N.E.2d 901 Brook Park v.Necak (1986), 30 Ohio App.3d 118, 506 N.E.2d 936; State v. Garcia (Aug. 24, 1995), Franklin App. No. 94APA11-1646; State v. Jones (June 11, 1987), Franklin App. No. 86AP-779; State v. Matthews (Nov. 9, 2000), Highland App. No. 00CA0009; State v. Beaudry (Nov. 2, 2001), Lucas App. No. L-01-1288; State v. Blackwood, Cuyahoga App. No. 83208,2004-Ohio-2160, at ¶ 4.
 {¶ 20} "Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal. SeeState, ex rel. Curran v. Brookes (1943), 142 Ohio St. 107, 26 O.O. 287,50 N.E.2d 995, paragraph seven of the syllabus; Adkins v. Eitel (1966),8 Ohio St.2d 10, 37 0.0.2d 300, 221 N.E.2d 713". State ex rel. Pendellv. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60,531 N.E.2d 713.
 {¶ 21} Another proper basis upon which to deny appellant's first assignment of error is the doctrine of res judicata.
 {¶ 22} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue . . . if he or she could have raised the issue on direct appeal." State v.Reynolds (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. Appellant failed to raise the issue of credit for time served on EMHA in his original motion for credit filed August 11, 2004.
 {¶ 23} With respect to appellant's second assignment of error appellant challenges his initial plea which was entered November 1, 2001. The appeal in the case sub judice was filed on September 2, 2005 which is well beyond the thirty-day period for perfecting an appeal. Because appellant failed to file a notice of appeal within thirty days of the Judgment Entry of Sentencing, this court is without jurisdiction to determine the merits of appellant's second assignment of error. See App. R. 3.
 {¶ 24} With respect to appellant's third assignment of error, appellant contends that the trial court erred by overruling his motion to withdraw his previously entered pleas of guilty. The trial court filed a Judgment Entry overruling appellant's motion to withdraw his plea on July 27, 2005. As previously noted appellant filed his notice of appeal on September 2, 2005. Because appellant failed to file a notice of appeal within thirty days of the Judgment Entry overruling his motion to withdraw his plea, this court is without jurisdiction to determine the merits of appellant's third assignment of error. See App. R. 3.
 {¶ 25} As appellant failed to timely appeal the trial court's findings, this court lacks jurisdiction to rule on the assignments of error presented by appellant.
 {¶ 26} Accordingly, the instant appeal is dismissed for want of jurisdiction.
By Gwin, P.J., Farmer, J., and Wise, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the instant appeal is dismissed for want of jurisdiction. Costs to appellant.