[Cite as *State v. Ranson*, 2019-Ohio-2140.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-841 |
| | | (C.P.C. No. 00CR-7247) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Richard Ranson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 30, 2019

**On Brief**: *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On Brief**: *Richard Ranson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Defendant-appellant, Richard Ranson, has filed a pro se notice of appeal from entries of the Franklin County Court of Common Pleas in which the court denied appellant's filings titled "Response to State's Memorandum in Opposing Defendant's Motion for Jail Time Credit and for Reconsideration by the Court 4/19/2018 Decision" and "Motion to Amend Changing Title of Motion for Reconsideration to a Motion for Correction."

{¶ 2} On December 22, 2000, appellant was charged in a 26-count indictment for the offenses of aggravated robbery, robbery, felonious assault, breaking and entering, theft, possession of criminal tools, failure to comply with an order or signal of a police officer, aggravated possession of drugs, and possession of drugs. The matter came for trial before a jury on August 2, 2001, and the jury returned verdicts finding appellant

guilty of 19 of the 26 counts.  On August 17, 2001, the trial court sentenced appellant to a total term of 27 years incarceration.  The entry indicated appellant had 239 days of jail-time credit.

{¶ 3}   Appellant filed a notice of appeal from the judgment of conviction and sentence.  In *State v. Ranson,* 10th Dist. No. 01AP-1049, 2002-Ohio-2398, this court affirmed appellant's convictions but remanded for resentencing for failure to make requisite findings under R.C. 2929.14.  On July 11, 2003, the trial court conducted a re-sentencing hearing.  By entry filed August 7, 2003, the trial court sentenced appellant to a total term of 21 years incarceration.  The court's entry indicated appellant had 930 days of jail-time credit.  On December 7, 2004, appellant filed a motion for leave to file a delayed appeal, which this court denied.

{¶ 4}   On December 11, 2013, appellant filed a motion for jail-time credit, requesting 930 days be "immediately calculated and applied to sentence."  Plaintiff-appellee, the State of Ohio, opposed the motion.  On August 5, 2016, appellant filed a subsequent motion requesting jail-time credit of 930 days.  By entry filed September 8, 2016, the trial court denied appellant's motion for jail-time credit filed August 5, 2016.

{¶ 5}   On April 2, 2018, appellant filed another motion requesting 930 days of jail-time credit.  On April 16, 2018, the state filed a memorandum in opposition to the motion.  By decision and entry filed April 19, 2018, the trial court denied appellant's motion for jail-time credit filed April 2, 2018, as well as appellant's motion for jail-time credit filed December 11, 2013.  In its decision, the trial court held in part:

> [P]er [Ohio Department of Rehabilitation and Correction] online records, Defendant's release date is scheduled for December 18, 2021 – 936 days earlier than he would be released if he were receiving no jail time credit.  Therefore, the Court finds that the ODRC is properly reducing Defendant's sentence by the number of days he spent in jail and by the number of days he spent in prison before his re-sentencing, plus conveyance days.

{¶ 6}   On May 29, 2018, appellant filed a "Response to State's Memorandum Opposing Defendant's Motion for Jail Time Credit and for Reconsideration by the Court 4/19/2018 Decision."  On August 10, 2018, appellant filed a "Motion to Amend Changing

Title of Motion for Reconsideration to a Motion for Correction." On August 15, 2018, the state filed a memorandum in opposition to appellant's motion to amend.

{¶ 7} On October 1, 2018, the trial court filed an entry denying appellant's "Response to State's Memorandum Opposing Defendant's Motion for Jail Time Credit and for Reconsideration by the Court 4/19/2018 Decision." Also on that date, the trial court filed an entry denying appellant's "Motion to Amend Changing Title of Motion for Reconsideration to a Motion for Correction."

{¶ 8} Appellant, pro se, has filed a notice of appeal from the trial court's entries of October 1, 2018, raising the following two assignments of error for this court's review:

> [I.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN THAT THE DECISION NOT TO GRANT THE MOTIONS REQUESTING JAIL TIME CREDIT BE CORRECTED CREATING A MANIFEST IN JUSTICE.
>
> [II.] THE STATE ENGAGED IN PROSECUTORIAL MISCONDUCT WHICH DEPRIVED APPELLANT OF DUE PROCESS OF LAW AND EQUAL PROTECTION OF LAW GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.

{¶ 9} We initially address an issue raised by the state as to whether this appeal is properly before this court. Specifically, the state argues appellant did not file a timely appeal of the trial court's decision denying his motion for jail-time credit; rather, the state notes, appellant filed a motion for reconsideration as well as a motion to amend the motion for reconsideration. The state maintains that the instant appeal of the trial court's denial of appellant's motion to amend a motion for reconsideration should be dismissed because it is not a final appealable order. We agree.

{¶ 10} As set forth under the facts, appellant filed a motion for jail-time credit on April 2, 2018. By entry filed April 19, 2018, the trial court denied the motion. Under Ohio law, a trial court's determination of a defendant's motion for jail-time credit is a final appealable order. *State v. Thompson,* 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 13. In the instant case, however, no appeal was taken from the trial court's entry of April 19, 2018.

{¶ 11} As also noted under the facts, on May 29, 2018, appellant filed a "Response to State's Memorandum Opposing Defendant's Motion for Jail Time Credit and for Reconsideration by the Court 4/19/2018 Decision." In that filing, appellant requested

"reconsideration be done by the court." On August 10, 2018, appellant filed a "Motion to Amend Changing Title of Motion for Reconsideration to a Motion for Correction." In that motion, appellant requested the trial court to "accept this new caption titled motion for correction in place of the one on the motion file for reconsideration." By separate entries filed on October 1, 2018, the trial court denied appellant's filings of May 29 and August 10, 2018.

{¶ 12} Thus, the record indicates, in lieu of appealing the trial court's denial of his motion for jail-time credit, appellant sought reconsideration of that decision and also filed a motion to amend the motion for reconsideration. There is, however, "no rule that allows a party to move a trial court for reconsideration of a final judgment." *State v. Harbert,* 9th Dist. No. 20955, 2002-Ohio-6114, ¶ 24, citing *Pitts v. Dept. of Transp.,* 67 Ohio St.2d 378, 381 (1981). Rather, under Ohio law, "a request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion." *State v. Ward,* 5th Dist. No. 2005-CA-0092, 2007-Ohio-302, ¶ 19, citing *State v. Beaudry,* 6th Dist. No. L-01-1288 (Nov. 2, 2001), citing *Pitts* at 381. Because appellant's filings were nullities, "no appeal lies and this appeal must be dismissed." *State v. Kendig,* 10th Dist. No. 14AP-495, 2014-Ohio-5529, ¶ 6 (Appellant's motion, which sought jail-time credit for same period of confinement that was sought in earlier motion, was in effect a motion for reconsideration of final judgment that denied earlier motion and, as such, a nullity requiring dismissal of appeal.).

{¶ 13} Having determined appellant has not appealed from a final appealable order or judgment, this appeal is dismissed for lack of jurisdiction.

*Appeal dismissed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____