[Cite as *State v. Fedor*, 2023-Ohio-1455.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                          :               No. 22AP-386
                                                                                 (C.P.C. No. 20CR-3457)
v.                                                          :
                                                                               (ACCELERATED CALENDAR)
Nathan A. Fedor,                                   :

      Defendant-Appellant.                      :

---

D E C I S I O N

Rendered on May 2, 2023

---

**On brief:** *G. Gary Tyack, Prosecuting Attorney*, and *Kimberly M. Bond,* for appellee. **Argued:** *Kimberly M. Bond*.

**On brief:** *Joseph R. Landusky, II*, for appellant. **Argued:** *Joseph R. Landusky, II.*

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1}  The Franklin County Court of Common Pleas ordered the forfeiture and destruction of 14 firearms as a component of defendant-appellant, Nathan A. Fedor's sentence. Two days after the final judgment of sentence was entered, Mr. Fedor moved the trial court to reconsider that component of his sentence.  The trial court conducted a hearing on that motion, which it ultimately denied during the hearing and by its June 23, 2022 entry. It is from this entry—not the judgment entry of sentence—Mr. Fedor now appeals. Because there is no rule allowing a party to move for reconsideration of a final judgment at the trial court level, however, the entry from which Mr. Fedor appeals is a nullity. We thus find that Mr. Fedor has not appealed from a final appealable order or judgment. For this reason, we dismiss his appeal for lack of jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   On June 15, 2021, a Franklin County Grand Jury indicted Mr. Fedor with three counts of having weapons while under a disability ("WUD"), all third-degree felonies. The indictment accused Mr. Fedor of knowingly possessing firearms in March 2020 after he had previously been convicted of a felony offense of violence, in violation of R.C. 2923.13. (July 29, 2020 Indictment.)  Because of this prior conviction, Mr. Fedor was not legally allowed to possess or have access to firearms.  (*See id.*)

{¶ 3}   These charges arose from Mr. Fedor's unlawful possession and/or access to 14 firearms after he and his three children moved in with his mother, Linda Fedor.  (*See* Tr. at 9, 11-14.)  When they moved in, Ms. Fedor had in her home a 14-gun collection, which came into her possession after her husband (Mr. Fedor's father) Larry Fedor passed away in 2014. (Tr. at 7, 11.)

{¶ 4}   After receiving an anonymous report about firearms being hoarded at the Fedor residence, law enforcement went to the home to investigate.  (Tr. at 13.)  Mr. Fedor admitted to law enforcement his DNA would likely be found on most of the 14 firearms in the home. (Tr. at 9-10.)  He also knew the combination for the trunk in which these firearms were stored.  (Tr. at 12.)

{¶ 5}   Mr. Fedor pled guilty to one count of the indictment on March 14, 2022.  (*See* May 10, 2022 Jgmt. Entry.)  On May 10, 2022, the trial court sentenced Mr. Fedor to a two-year term of community control. (*Id.*) Among other community control sanctions it imposed, the trial court ordered "that the weapon(s) be confiscated and destroyed." (*Id.*) Additional facts and circumstances underlying Mr. Fedor's conviction are not properly before us, however, because transcripts of the plea hearing and sentencing hearing were not filed as part of the record for this appeal.

{¶ 6}   On May 12, 2022, Mr. Fedor filed a "Motion for Stay of Execution of Judgment and Request for a Hearing on a Motion to Reconsider."  In that motion, Mr. Fedor requested the trial court stay the forfeiture and destruction component of his sentence "until this case is further reviewed" and "all legal avenues can be pursued."  (May 12, 2022 Mot. at 2.) He also contended that "irreparable harm may ensue if it is later

determined that [his mother, Linda Fedor] the rightful owner [of the gun collection subject to forfeiture and destruction] [is entitled to] have her property returned." (*Id.* at 1.)

{¶ 7}   No subsequent pleadings were filed by Mr. Fedor, his mother, or anyone else claiming a possessory interest in the firearms.  On June 22, 2022, the trial court nonetheless held a hearing on Mr. Fedor's motion.  At that hearing, Mr. Fedor orally moved the trial court to "reconsider [its] order" regarding the property disposition component of his sentence. (Tr. at 3-4.)  Mr. Fedor claimed the 14 firearms subject to the trial court's May 10, 2022 forfeiture and destruction order were actually owned by his mother.  (Tr. at 3-4.)  But evidence and testimony elicited from Ms. Fedor at the hearing undermined the veracity of that claim. (*See* Tr. at 15-20; Hearing Ex. A.)

{¶ 8}   At the conclusion of the hearing, the trial court denied Mr. Fedor's May 12, 2022 motion to stay the destruction order and his oral reconsideration request. (Tr. at 21-22.)  On June 23, 2022, the trial court filed an entry journalizing its decision. Mr. Fedor appeals from that entry and asserts the following assignments of error for our review:

> [I.] The Franklin County Prosecutor did not provide adequate notice of forfeiture in violation of Due Process.
>
> [II.] The trial court's sentence violates the Double Jeopardy clause.
>
> [III.] The firearms rightfully belong to the innocent owner.
>
> [IV.] The property subject to forfeiture is disproportionate to the severity of the offense.
>
> [V.] The trial court's sentence does not align with the policies and principles of R.C. 2929.12.

## II.  LEGAL ANALYSIS

{¶ 9}   This court has previously recognized there is " 'no rule that allows a party to move a trial court for reconsideration of a final judgment.' " *State v. Ranson*, 10th Dist. No. 18AP-841, 2019-Ohio-2140, ¶ 12, quoting *State v. Harbert*, 9th Dist. No. 20955, 2002-Ohio-6114, ¶ 24, citing *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981).  As a result, we have said that any party's " 'request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion.' " *Id.,*

quoting *State v. Ward*, 5th Dist. No. 2005-CA-0092, 2007-Ohio-302, ¶ 19, citing *State v. Beaudry*, 6th Dist. No. L-01-1288, 2001 Ohio App. LEXIS 4874 (Nov. 2, 2001), citing *Pitts* at 381.

{¶ 10} The record in this case indicates that, instead of appealing from the trial court's May 10, 2022 judgment entry of sentence—which ordered all weapons be confiscated and destroyed—Mr. Fedor filed a motion on May 12, 2022 asking the trial court to reconsider its imposition of that component of his sentence. Such motion was a nullity, however, because it asked the trial court to reconsider its final judgment. *See, e.g.*, *Ranson* at ¶ 12. As a result, the trial court's June 23, 2022 entry ruling on that motion was likewise a nullity in the proceedings below. *See id.*

{¶ 11} On July 5, 2022—56 days after the trial court's final judgment was entered—Mr. Fedor filed a notice of appeal explicitly and exclusively identifying the trial court's June 23 entry as the "ruling" from which he appeals in this case. Because the June 23 entry is a nullity, the notice of appeal explicitly addressed only that entry, and Mr. Fedor did not timely appeal from the May 10 final judgment entry under App.R. 4(A)(1), we find that " 'no appeal lies and this appeal must be dismissed.' " *Ranson* at ¶ 12, quoting *State v. Kendig*, 10th Dist. No. 14AP-495, 2014-Ohio-5529, ¶ 6 (appellant's motion, which sought jail-time credit for same period of confinement that was sought in earlier motion, was in effect a motion for reconsideration of final judgment that denied earlier motion and, as such, a nullity requiring dismissal of appeal).

## III. CONCLUSION

{¶ 12} Having determined appellant has not appealed from a final appealable order or judgment, this appeal is dismissed for lack of jurisdiction.

*Appeal dismissed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

_____