**[Cite as *State v. Stevens*, 2023-Ohio-3510.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-20 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-012 |
| | : | |
| EDWARD S. STEVENS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 29, 2023

. . . . . . . . . . .

JENNIFER E. MARIETTA, Attorney for Appellant

ANDREW P. PICKERING, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, Edward S. Stevens, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to one count of aggravated possession of drugs. In support of his appeal, Stevens claims that his trial counsel provided ineffective assistance by failing to file an affidavit of indigency prior to his sentencing. Stevens asserts that if his trial counsel had filed such an affidavit, the trial

court would have found him indigent and would have waived the mandatory fine that was associated with his offense. Stevens also argues that the 12-month prison sentence he received for his offense is contrary to law because the record reflects that the trial court did not carefully consider the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Stevens asserts that a meaningful consideration of those statutes should have resulted in the imposition of community control sanctions as opposed to a prison term. For the reasons outlined below, we disagree with all of Stevens's claims and will affirm the judgment of the trial court.

**Facts and Course of Proceedings**

{¶ 2} On January 9, 2023, a Clark County grand jury returned an indictment charging Stevens with one second-degree-felony count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), and one second-degree-felony count of aggravated possession of drugs, in violation of R.C. 2925.11(A). The charges arose after Stevens and his wife overdosed on drugs while they were staying at a Comfort Suites hotel in Springfield, Ohio. Both Stevens and his wife were revived after medics treated them with multiple doses of Narcan. During the overdose incident, police officers discovered 83.6 grams of methamphetamine in their hotel room. The officers also discovered several loaded syringes containing a white liquid substance, a spoon with white residue, a scale, plastic baggies, and two small bags containing other substances.

{¶ 3} Stevens pled not guilty to the charges and filed a motion to suppress the

evidence discovered in his hotel room. Before a hearing was held on the motion to suppress, Stevens entered a plea agreement with the State whereby he agreed to plead guilty to an amended count of aggravated possession of drugs as a third-degree felony. In exchange for his guilty plea to the amended count, the State agreed to dismiss the count for aggravated trafficking in drugs. The State also agreed to a presentence investigation ("PSI") being conducted before sentencing. The trial court accepted Stevens's guilty plea to aggravated possession of drugs and scheduled a sentencing hearing for March 30, 2023.

{¶ 4} At the sentencing hearing, Stevens argued that the information in his PSI report indicated that a prison sentence was not warranted and that community control sanctions was an appropriate punishment for his offense. After speaking with Stevens regarding his drug problem and his prior criminal history, and after considering the large amount of methamphetamine that was discovered in Stevens's hotel room and the reduction of Stevens's offense from a second to third-degree felony, the trial court sentenced Stevens to 12 months in prison. Before imposing that prison term, the trial court specifically stated that it had considered Stevens's PSI, the oral statements made at sentencing, the purposes and principles of felony sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. Also, after noting that it had considered Stevens's present and future ability to pay financial sanctions, the trial court ordered Stevens to pay court costs and a mandatory fine of $5,000.

{¶ 5} Stevens appeals from his conviction and raises two assignments of error that challenge his prison sentence and mandatory fine.

**First Assignment of Error**

{¶ 6} Under his first assignment of error, Stevens contends that his trial counsel provided ineffective assistance by failing to file an affidavit of indigency prior to his sentencing for the purpose of waiving the mandatory fine associated with his offense. R.C. 2929.18(B)(1) provides that: "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." Stevens asserts that if his trial counsel had filed such an affidavit, the trial court would have found him indigent and would have waived his mandatory fine, thus establishing his trial counsel's ineffectiveness. We disagree.

{¶ 7} In order to establish ineffective assistance of counsel, a defendant must show that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697. To establish deficient performance, "a defendant must show that his counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.*

{¶ 8} "A number of Ohio courts have recognized that failure to file an affidavit of indigency, under the right circumstances, can constitute prejudicial error." *State v. Cochran*, 2d Dist. Clark No. 1997-CA-50, 1998 WL 288942, *3 (June 5, 199), citing *State v. Mendoza*, 6th Dist. Lucas No. L-94-242, 1995 WL 413143, *3 (July 14, 1995), *State v. Joy*, 4th Dist. Lawrence Nos. 92 CA 24, 92 CA 30, 1993 WL 491325, *3 (Nov. 24, 1993), and *State v. Creech*, 4th Dist. Scioto No. 92 CA 2053, 1993 WL 235566, *6 (June 30, 1993). *Accord State v. Redden*, 2020-Ohio-878, 152 N.E.3d 919, ¶ 46 (5th Dist.). Specifically, this court has explained that: "The failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found Defendant indigent and relieved him of the obligation to pay the fine had the affidavit been filed." (Citations omitted.) *State v. Sheffield*, 2d Dist. Montgomery No. 20029, 2004-Ohio-3099, ¶ 13.

{¶ 9} Although it is undisputed that Stevens was deemed indigent for the purpose of receiving appointed counsel, "a finding of indigency for purposes of retaining counsel is a separate and distinct process from finding a defendant indigent for purposes of paying an imposed mandatory fine." (Citations omitted.) *State v. Stearns*, 8th Dist. Cuyahoga No. 71851, 1997 WL 626024, *2 (Oct. 9, 1997). This is because "the payment of a mandatory fine over a period of time is not equivalent to the immediate need for legal representation at the initiation of criminal proceedings." *State v. Powell*, 78 Ohio App.3d 784, 790, 605 N.E.2d 1337 (3d Dist.1992). Therefore "[a] finding that a defendant is indigent for purposes of appointed counsel does not shield the defendant from paying

court costs or a financial sanction." *State v. Felder*, 2d Dist. Montgomery No. 21076, 2006-Ohio-2330, ¶ 64, citing *State v. Ayers*, 2d Dist. Greene No. 2004-CA-34, 2005-Ohio-44, ¶ 23. *Accord State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 55.

{¶ 10} Also, to the extent that Stevens's ineffective assistance claim is founded on facts outside the record on appeal, the proper vehicle to raise such a claim is a petition for post-conviction relief pursuant to R.C. 2953.21, not a direct appeal to this court. *See State v. Howard*, 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, ¶ 14, citing *Cochran* at *6; *Sheffield* at ¶ 14. Nevertheless, when reviewing the evidence that is within the confines of the appellate record, we find that Stevens's ineffective assistance claim lacks merit; the record does not establish a reasonable probability that the trial court would have found Stevens indigent and waived the fine had the affidavit been filed. Specifically, the information in Stevens's PSI report regarding Stevens's age, health, education, employment, and criminal history prohibits us from concluding that the trial court would have found him indigent.

{¶ 11} The PSI report indicated that Stevens was 56 years old at the time of sentencing and that Stevens had admitted to regularly using methamphetamine over the past 25 years while working as a trucker. The PSI report also indicated that Stevens acquired a GED in 1984 and worked for M/A Transport at the time of his arrest. The report further indicated that Stevens was on leave at the time of his sentencing due to a work-related injury during which he fell from a trailer and lacerated his calf. Other than his calf injury and a 2009 car accident that resulted in the removal of 2 discs from his spine, Stevens reported being in good physical health. Stevens advised the PSI

examiner that he was receiving physical therapy for his calf injury and had filed a workers' compensation claim that M/A Transport was fighting. Stevens also reported making $1,250 to $1,500 a week while working for M/A Transport. In addition, Stevens reported having a valid driver's license and being insured through State Farm. The PSI report further established that, at the time of the offense in question, Stevens had enough disposable income to purchase $500 worth of drugs.

{¶ 12} As for Stevens's criminal history, the PSI report indicated that between 1984 and 2019, Stevens had had multiple felony and misdemeanor convictions out of Pennsylvania and a single conviction for violating a uniform controlled substance act in Arkansas. In 1984, Stevens was convicted of three felonies, i.e., criminal conspiracy, burglary, and robbery, and one misdemeanor count of criminal mischief, for which he served a total five years in prison. *See* Sentencing Hearing Tr. (Mar. 30, 2023), p. 8. The PSI report also indicated that Stevens had been convicted of retail theft in 2005 and 2019, for which he paid fines and court costs. In addition, Stevens was convicted of driving under the influence ("DUI") in 2019, for which he paid a fine and court costs and served time in prison.

{¶ 13} Upon review, we find that there was nothing in the record indicating that Stevens's criminal history would make him unemployable, especially since Stevens had been working as a truck driver in the years since his felony convictions and DUI. There was also nothing in the record indicating that Stevens's work-related injury had resulted in a permanent disability that would prevent him from becoming employed after he was released from prison. Any evidence to that effect would be outside the record on appeal

and must be raised in a petition for post-conviction relief.

{¶ 14} Based on the information contained in the PSI report, we cannot say that there is a reasonable probability that the trial court would have found Stevens indigent for the purpose of waiving the mandatory fine. The PSI report indicated that Stevens was not elderly, had his GED, had been steadily employed as a truck driver for 25 years despite his criminal history and drug addiction, and had been receiving between $1,250 to $1,500 a week while working. The PSI report also indicated that Stevens was in good health overall with the exception of his work-related calf injury. Again, there was nothing in the record indicating that Stevens's calf injury resulted in a permanent disability that would prevent him from working in the future. In addition, the record established that, after reviewing the PSI report, the trial court determined that Stevens had the present and future ability to pay financial sanctions, which suggests that the trial court would not have found him indigent. We also note that the record established that Stevens was able to post a $50,000 bond in order to obtain his release from jail.

{¶ 15} Because the record establishes that there was not a reasonable probability that the trial court would have found Stevens indigent and waived the mandatory fine, we find that Stevens cannot establish that he was prejudiced by his trial counsel's failure to file an affidavit of indigency prior to sentencing. Without a showing of prejudice, Stevens's ineffective assistance of counsel claim fails.

{¶ 16} Stevens's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 17} Under his second assignment of error, Stevens contends that his 12-month prison sentence is contrary to law because the record establishes that the trial court did not carefully consider the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Although Stevens concedes that the trial court had authority to sentence him to prison, Stevens asserts that a meaningful consideration of R.C. 2929.11 and R.C. 2929.12 should have resulted in the trial court's imposing community control sanctions as opposed to a prison term. In other words, Stevens is essentially arguing that, under R.C. 2929.11 and R.C. 2929.12, his 12-month prison sentence was excessive and unsupported by the record. For the following reasons, Stevens's claim lacks merit.

{¶ 18} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under certain enumerated statutes or that the sentence is otherwise contrary to law. *Id.* at ¶ 1, 9. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 19} The Supreme Court of Ohio has clarified that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on

its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. This is because "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. Therefore, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and 2929.12, this court does not analyze whether those sentences are unsupported by the record, but only whether they are contrary to law. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 20} As previously noted, "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *Brown* at ¶ 74. In this case, we find that Stevens's 12-month prison sentence is within the authorized statutory range for third-degree felonies. *See* R.C. 2929.14(A)(3)(b). We also find that the record establishes that the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *See* Sentencing Hearing Tr. (Mar, 30, 2023), p. 10-12; Sentencing Entry (Apr. 2, 2023), p. 2-3. Accordingly, Stevens's prison sentence is not contrary to law, meaning that there is no basis on which we can modify or vacate Stevens's sentence.

{¶ 21} Stevens's second assignment of error is overruled.

## Conclusion

**{¶ 22}** Having overruled both of Stevens's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


LEWIS, J. and HUFFMAN, J., concur.