[Cite as *State v. Wright*, 2024-Ohio-5068.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 24AP-444<br>(C.P.C. No. 05CR-5233) |
| v. | : | (ACCELERATED CALENDAR) |
| Shawn R. Wright, | : | No. 24AP-445<br>(C.P.C. No. 05CR-5906) |
| Defendant-Appellant. | : | |
| | : | (ACCELERATED CALENDAR) |
| | : | |

D E C I S I O N

Rendered on October 22, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Shawn R. Wright*, pro se.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Shawn R. Wright, appeals, pro se, from the June 17, 2024 judgment of the Franklin County Court of Common Pleas denying his post-conviction motions to waive fines imposed by the trial court when Mr. Wright was sentenced in 2006.

{¶ 2} Because we find the trial court lacked subject-matter jurisdiction to consider Mr. Wright's motions, we affirm the judgment below.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 3} On April 17, 2006, Mr. Wright entered a counseled guilty plea to aggravated burglary, aggravated robbery, and kidnapping offenses—all first-degree felonies with firearm specifications—in case Nos. 05CR-5233 and 05CR-5906. We need not belabor the nature of these offenses, as it is not relevant to the issue before us in this case.

{¶ 4}   Mr. Wright appeared for sentencing on both cases with counsel on May 10, 2006.  Of note, the transcript from that hearing is not in the record before us.  On May 19, 2006, the trial court entered its final judgments memorializing Mr. Wright's conviction and sentence.  As reflected in those entries, the trial court imposed an aggregate prison sentence of 23 years and ordered Mr. Wright to pay fines, court costs, and restitution.  Mr. Wright did not appeal from those judgments.

{¶ 5}   This appeal concerns the trial court's denial of Mr. Wright's June 2024 motions requesting waiver of the "mandatory" fines imposed at his 2006 sentencing pursuant to R.C. 2929.19(B)(5).

{¶ 6}   In 2017, Mr. Wright unsuccessfully moved the trial court for an order setting aside fines, costs, and restitution imposed in his two cases.  In its September 13, 2017 entry denying those motions, the trial court found it lacked subject-matter jurisdiction to "suspend or modify * * * *financial sanctions* " imposed as part of a criminal sentence after a valid final judgment has been entered.  (Emphasis added.)  (Sept. 13, 2017 Decision and Entry at 2, quoting *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599 (1992).)

{¶ 7}   Instead of appealing from that 2017 judgment, Mr. Wright unsuccessfully sought waiver of restitution and fines again in 2020.  (*See* Feb. 17, 2021 Decision and Entry.)  However, in December 2023, after Mr. Wright filed motions a month earlier seeking waiver of court costs, the trial court found he had successfully "demonstrated his indigency status and inability to pay the court costs" assessed in his two cases.  (Dec. 8, 2023 Decision and Entry at 2.)  Thus, having retained jurisdiction to waive or modify the payment of *court costs* after sentencing under R.C. 2947.23(C), the trial court waived any remaining court costs assessed in case Nos. 05CR-5233 and 05CR-5906.

{¶ 8}   In June 2024, Mr. Wright moved the trial court to waive the $80,000 fine imposed in case No. 05CR-5233 and the $20,000 fine imposed in case No. 05CR-5906.  Relying on R.C. 2929.19(B)(1) and (B)(5), Mr. Wright contended that because the trial court found him indigent and unable to pay the court costs imposed as part of his sentence in December 2023, it "must do the same with his fines."  (June 13, 2024 Mot. at 1.)

{¶ 9}   On June 17, 2024, the trial court entered a judgment denying Mr. Wright's motions "[f]or the reasons stated in its September 13, 2017 Decision and Entry," which

included, most notably, lack of subject-matter jurisdiction.  (June 17, 2024 Decision and Entry.)

{¶ 10} Mr. Wright now appeals from that decision and asserts the following two assignments of error for our review:

> [I.] WHERE AN OFFENDER FILES AN AFFIDAVIT OF INDIGENCE AND THE TRIAL COURT MAKES A FINDING OF INDIGENCE, A TRIAL COURT "SHALL NOT IMPOSE THE MANDATORY FINES OF AN OFFENDER" R.C. 2929.18.
>
> [II.] DEFENDANT NOT PROPERLY SENTENCED TO POST-RELEASE CONTROL (PRC) UNDER R.C. 2967.28 BECAUSE THE LANGUAGE IN THE SENTENCING ENTRY STATING THAT PRC WAS APPLICABLE FOR (5) YEARS. PRC WAS MANDATORY FOR DEFENDANT, AND WAS NOT PUT IN THE JOURNAL ENTRY.

(Sic passim.)

## II. ANALYSIS

{¶ 11} As a preliminary matter, we note that Mr. Wright's second assignment of error—contending he was not properly sentenced to post-release control—does not attribute any error to any rulings made in the trial court's June 17, 2024 judgments that are the subject of this appeal.  It is well-established that a party cannot raise new issues or legal theories for the first time on appeal.  *See, e.g.*, *State v. Oliver*, 10th Dist. No. 21AP-449, 2023-Ohio-1550, ¶ 87; *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, ¶ 10. Thus, pursuant to Article IV, Section 3(B)(2) of the Ohio Constitution, we lack jurisdiction to rule upon issues not first addressed in judgments or final orders of the trial court.  *See, e.g.*, *Wintermeyer* at ¶ 10, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997), and *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus.

{¶ 12} On review of the record, it is clear Mr. Wright did not present arguments relating to the imposition of post-release control in his June 13, 2024 motions the trial court ruled on in its June 17, 2024 judgment.[1]  As such, we lack jurisdiction to consider, in the first instance, Mr. Wright's challenge to the imposition of post-release control at his 2006 sentencing hearing.  For this reason, we overrule his second assignment of error.

---

[1] On August 1, 2024—after this case was commenced—Mr. Wright filed motions in case Nos. 05CR-5233 and 05CR-5906 requesting the trial court vacate the imposition of post-release control. The trial court denied those motions on August 7, 2024, but those judgments are not the subject of this appeal.

{¶ 13} We next turn to his first assignment of error. When framed appropriately, the ultimate issue presented in that assignment of error is whether the trial court erred in denying Mr. Wright's post-conviction motions for lack of subject-matter jurisdiction or otherwise. For the following reasons, we conclude it did not.

## A. Subject-Matter Jurisdiction

{¶ 14} Subject-matter jurisdiction refers to a court's power to entertain and adjudicate a particular class of cases on the merits.[2] *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Because a court is powerless to hear a case without subject-matter jurisdiction, " '[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, ¶ 14, quoting *Kuchta* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 23, citing 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts.").

{¶ 15} Common pleas courts "have such original jurisdiction over all justiciable matters * * * as may be provided by law." Ohio Constitution, Article IV, Section 4(B). Thus, when a common pleas court patently and unambiguously lacks jurisdiction to hear a case, " 'it is almost always because a statute explicitly removed that jurisdiction.' " *Schlegel v. Sweeney*, 171 Ohio St.3d 1, 2022-Ohio-3841, ¶ 14, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, ¶ 9. "Where a court lacks subject-matter jurisdiction, it must announce its lack of jurisdiction and dismiss the matter; any other proclamation by a court lacking subject-matter jurisdiction is void." *Hulbert v. Buehrer*, 10th Dist. No. 16AP-474, 2017-Ohio-844, ¶ 12, citing *Pratts* at ¶ 11, quoting *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998), citing *Scudere v. France*, 10th Dist. No. 09AP-422, 2009-Ohio-6989, ¶ 6.

---

[2] In comparison, "[a] court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12. Unlike subject-matter jurisdiction, jurisdiction over a particular case involves consideration of the rights of the parties. *Id.* at ¶ 19. "Personal jurisdiction" refers to a court's power to render a valid judgment against a particular individual. *See, e.g.*, *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 36.

{¶ 16} An appellate court reviews the issue of subject-matter jurisdiction de novo. *Hulbert* at ¶ 12, quoting *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508, ¶ 19 (10th Dist.). *See also Pointer v. Smith*, 10th Dist. No. 20AP-555, 2021-Ohio-2247, ¶ 8, citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

**B. Analysis**

{¶ 17} In his first assignment of error, Mr. Wright maintains the trial court erred when it denied his post-conviction motions to waive "mandatory" fines. We disagree.

{¶ 18} As an initial matter, we note that, contrary to Mr. Wright's representations otherwise, the record does not suggest mandatory fines were imposed in the cases below. Mr. Wright contends these fines were "mandatory" because his argument relies, in part, on his misapplication of the procedure for waiving mandatory fines provided in R.C. 2929.18(B)(1). But, under that provision, a sentencing court is *required* to impose a fine "[f]or a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code." R.C. 2929.18(B)(1).

{¶ 19} All of Mr. Wright's first-degree felony convictions in the cases below were under either Chapter 2911 or Chapter 2905 of the Revised Code: aggravated burglary (R.C. 2911.11), aggravated robbery (R.C. 2911.01), and kidnapping (R.C. 2905.01). Moreover, the May 2006 judgment entries memorializing Mr. Wright's sentences in case Nos. 05CR-5233 and 05CR-5906 did not state the fine imposed in either case was mandatory. No appeal from those entries—including the imposition of fines—was taken by either party. And the transcript from Mr. Wright's 2006 sentencing hearing is not in the record before us. For these reasons, we find no basis to conclude the imposed fines were mandatory. As such, the procedure for waiving mandatory fines provided for in R.C. 2929.18(B)(1)[3] is irrelevant to our analysis of the ***discretionary*** fines imposed by the trial court in this case.

---

[3] And, even if the fines imposed in Mr. Wright's two cases were mandatory, R.C. 2929.19(B)(1) would still have no application to Mr. Wright's post-conviction motions for waiver. R.C. 2929.18(B)(1) provides, in relevant part: "If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." No such affidavit was filed prior to Mr. Wright's sentencing in either case, as is required for the waiver provisions of R.C. 2929.19(B)(1) to apply. *See, e.g.*, *State v. Williamson*, 10th Dist. No. 22AP-135, 2024-Ohio-1599, ¶ 45-60 (finding trial counsel ineffective for failing to timely move for waiver of mandatory fines). We also note that, "[f]or purposes of [mandatory fine waiver], being 'indigent' and being

{¶ 20} We likewise reject Mr. Wright's claim that the trial court's December 8, 2023 post-conviction judgment waiving **court costs** suggests the trial court has subject-matter jurisdiction to waive fines imposed as part of his criminal sentences.

{¶ 21} A court of common pleas "has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. *See also State ex rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, ¶ 15-16; Ohio Constitution, Article IV, Section 4(B) (conferring "original jurisdiction over all justiciable matters * * * as may be provided by law" upon the courts of common pleas). The jurisdiction of a court of common pleas is invoked by the return of an indictment. *Click v. Eckle*, 174 Ohio St. 88, 89 (1962). *See* R.C. 2901.11. Once the criminal proceedings are complete, a trial court's jurisdiction over a criminal matter is limited. *See State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, ¶ 11.

{¶ 22} Generally, a trial court's jurisdiction over a criminal matter ends once a valid final judgment has been issued pursuant to Crim.R. 32. *See, e.g.*, *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, ¶ 8-9; *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 11 (a judgment of conviction is final when it meets each of the requirements of Crim.R. 32(C)). *See also Janas* at ¶ 11 (observing that "a trial court loses jurisdiction to modify its judgment once that judgment has been affirmed on appeal").

{¶ 23} Accordingly, "[r]elief from final judgments in criminal cases is confined to the procedures authorized by statute or rule." *Janas* at ¶ 11, citing *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, ¶ 37. *See also State v. Enyart,* 10th Dist. No. 22AP-645, 2023-Ohio-3373, ¶ 26; *Carlisle* at ¶ 1 ("Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment."). Thus, "except when authorized by statute or rule, a trial court lacks jurisdiction to modify a criminal sentence once it has become final and it is either affirmed on appeal or the time to

---

'unable to pay' are not the same." *State v. Delgadillo-Banuelos*, 10th Dist. No. 18AP-729, 2019-Ohio-4174, ¶ 28. "Indigency concerns a defendant's current financial situation, whereas an inability to pay encompasses [his] future financial situation as well." *Id.*, citing *State v. Gipson*, 80 Ohio St.3d 626, 636 (1998). Further, we have recognized "that there is a difference between indigency for the purposes of receiving appointed counsel and inability to pay a mandatory fine." *Williamson* at ¶ 54, citing *State v. Powell*, 78 Ohio App.3d 784, 789 (3d Dist.1992), and *State v. Stevens*, 2d Dist. No. 2023-CA-20, 2023-Ohio-3510, ¶ 9.

appeal has expired." *See, e.g.*, *State v. Brasher*, 171 Ohio St.3d 534, 2022-Ohio-4703, ¶ 36 (O'Connor, C.J., concurring).[4]

{¶ 24} These limitations on a trial court's post-judgment authority over criminal matters are consistent with the Supreme Court of Ohio's repeated affirmation of its commitment to the principle that finality of judgments creates "certainty in the law and public confidence in the system's ability to resolve disputes." (Internal quotation marks omitted.) *Gilbert* at ¶ 8, quoting *Miller v. Nelson-Miller*, 132 Ohio St.3d 381, 2012-Ohio-2845, ¶ 18, quoting *Strack v. Pelton*, 70 Ohio St.3d 172, 175 (1994), quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 144-45 (1986). "The purpose of a court is to resolve controversies, not to prolong them. When issues are constantly relitigated, there is no resolution and hence no finality." *State v. Steffen*, 70 Ohio St.3d 399, 409-10 (1994). Thus, because the law desires finality of judgments, trial courts cannot reconsider their own valid final judgments in criminal cases. *See, e.g.*, *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997), citing *Hansen*, 63 Ohio St.3d 597; *State v. Fedor*, 10th Dist. No. 22AP-386, 2023-Ohio-1455, ¶ 9-11.

{¶ 25} On review of the record and briefing in this matter, it is clear Mr. Wright does not claim the May 19, 2006 judgment entries fail to accurately state the amount of the fines actually imposed by the trial court at his May 10, 2006 sentencing hearings. Nor could we determine as much since the transcript of his sentencing hearing is not in the record before us. Mr. Wright did not appeal from the May 19, 2006 judgments of conviction imposing fines, and his time to appeal from those judgments has long expired. Mr. Wright does not claim the imposition of fines in either judgment entry was not valid or final under Crim.R. 32(C). Nor has he sought to withdraw his April 2006 guilty pleas pursuant to Crim.R. 32.1. Instead, his June 13, 2024 motions asked the trial court to reconsider and modify its valid final judgments issued on May 19, 2006 by waiving the $80,000 fine imposed in case No. 05CR-5233 and the $20,000 fine imposed in case No. 05CR-5906 on the grounds that he is indigent.

---

[4] Of course, a trial court also retains jurisdiction under Crim.R. 36 to correct clerical errors in judgments by issuance of a nunc pro tunc order reflecting what the court ***actually*** decided. *See, e.g.*, *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 13, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 18-19, and Crim.R. 36.

{¶ 26} R.C. 2947.23(C) provides that a sentencing court "retains jurisdiction to waive, suspend, or modify the payment of the **costs of prosecution** * * * at the time of sentencing **or at any time thereafter**." (Emphasis added.) However, court costs (which were waived in the trial court's December 8, 2023 decision) and fines (which are the subject of the instant appeal) are meaningfully different. *Strattman v. Studt*, 20 Ohio St.2d 95, 102 (1969).

{¶ 27} Court costs are "a civil debt," and entirely separate from a criminal sentence. *See, e.g.*, *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, ¶ 21-23; *State v. Harris*, 1st Dist. No. C-220251, 2023-Ohio-506, ¶ 8, quoting *State v. Ushery*, 1st Dist. No. C-120515, 2013-Ohio-2509, ¶ 15. By their very nature, court costs are nonpunitive since they are "assessed to defray the administrative costs of the litigation." *See Strattman* at 102-03; *Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, ¶ 8-9 (describing the legislature's purpose in imposing court costs on a defendant convicted of a crime as being "to finance the court system, not to punish the defendant additionally on each charge"). Indeed, R.C. 2947.23(A)(1) requires that, "[i]n all criminal cases" resulting in a conviction, "the costs of prosecution" "shall [be] include[ed] in the sentence." *See also Quinones* at ¶ 8-9. Most significantly, R.C. 2947.23(C) provides that a sentencing court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing **or at any time thereafter**." (Emphasis added.)

{¶ 28} In contrast, R.C. 2929.18(A)(3)(a) vests a trial court with the authority to impose up to $20,000 in fines on an individual convicted of a first-degree felony offense as part of their criminal sentence. Thus, unlike court costs, fines "serve a punitive, retributive, or rehabilitative purpose." *Strattman* at 102. They are financial sanctions, not "costs of prosecution." *See* R.C. 2947.23(C).

{¶ 29} While R.C. 2947.23(C) permits a court to retain jurisdiction to modify or vacate the "costs of prosecution," there is no similar statutory authority permitting trial courts to modify or vacate properly imposed financial sanctions (including fines) after a valid final judgment has been entered. *See, e.g.*, *Harris* at ¶ 10-14.

{¶ 30} Based on the foregoing, we conclude the trial court lacked subject-matter jurisdiction to substantively reconsider and modify, in June 2024, its valid final judgments imposing fines as part of Mr. Wright's criminal sentence in May 2006. As such, the trial

court properly denied Mr. Wright's June 2024 motions to vacate the fines imposed when he was sentenced in May 2006.

{¶ 31} Accordingly, we overrule Mr. Wright's first assignment of error.

### III. CONCLUSION

{¶ 32} Having overruled Mr. Wright's two assignments of error, we affirm the June 17, 2024 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL, P.J. and DORRIAN, J., concur.