[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1235.]

THE STATE OF OHIO, APPELLEE, *v*. IACONA, APPELLANT.

[Cite as *State v. Iacona*, 2000-Ohio-362.]

*Motions for clarification—Reconsideration granted sua sponte—Motion for stay denied.*

(No. 00-495—Submitted April 3, 2000—Decided April 6, 2000.)

APPEAL from the Court of Appeals for Medina County, No. 2891-M.

ON MOTIONS for Clarification.

———————————

*Dean Holman*, Medina County Prosecuting Attorney, and *Joseph E. Salzgeber*, Assistant Prosecuting Attorney, for appellee.

*Gold & Schwartz Co., L.P.A.*, *Niki Z. Schwartz* and *Orville E. Stifel II*, for appellant.

———————————

{¶ 1} This cause is pending before the court as a discretionary appeal and a claimed appeal of right. On March 31, 2000, this court entered an order granting appellant's motion for stay of the court of appeals' judgment and ordering that bond, including all conditions imposed by the lower court, be continued. 88 Ohio St.3d 1458, 726 N.E.2d 501.

{¶ 2} On April 3, 2000, appellant and appellee each filed a motion to clarify this court's order entered March 31, 2000. Upon consideration of the motions to clarify,

{¶ 3} IT IS ORDERED by the court, sua sponte, that appellant's motion for stay of the court of appeals' judgment be, and hereby is, reconsidered.

{¶ 4} IT IS FURTHER ORDERED by the court that appellant's motion for stay of the court of appeals' judgment be, and hereby is, denied.

F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., RESNICK and COOK, JJ., concur separately.

DOUGLAS, J., concurs separately.

PFEIFER, J., dissents.

_____

**MOYER, C.J., concurring.**

{¶ 5} I write for the purpose of advising counsel and the parties of the reasons I have changed my vote of March 31, 2000, on appellant's motion for stay of the court of appeals' judgment.

{¶ 6} The motion for stay filed by counsel for appellant asserted that appellant had filed in this court, a claimed appeal as a right from a felony conviction that involves substantial constitutional issues; that appellant Iacona had been released on a one million dollar surety bond; and that she "faithfully complied with * * * all * * * conditions of her bond."

{¶ 7} The motion for stay also informed us that the court of appeals had affirmed appellant's convictions, but reversed her sentence and remanded the matter to the trial court for sentencing proceedings.

{¶ 8} The state filed no responsive motion or memorandum contra appellant's motion for stay. Thus, the motion for stay indicated only that appellant had been convicted of "a felony," that she asserted constitutional infirmities in her conviction, and that she had complied with the conditions of her surety bond posted for her release. The absence of any objection to appellant's motion by the state created a reasonable presumption that the prosecuting attorney did not oppose the granting of the stay.

{¶ 9} Both parties have filed motions seeking clarification of our March 31 order. The record now includes a copy of the March 20, 2000 journal entry of the trial judge entered after the court of appeals' decision and which provides this court with important facts. The information upon which this court would be expected to make its decision in such a matter is now much more clear.

{¶ 10} The trial judge's journal entry states that the prosecutor presented to the trial judge information, albeit not confirmed, of defendant's intention to flee the jurisdiction, and that the trial judge had rescinded the bond and released the surety from its obligation upon her incarceration following the judgment of the court of appeals. It would have been far more expeditious had counsel provided us with that information in the first instance. The more complete information now available to this court causes me to conclude that the motion for stay of the court of appeals' judgment should be denied.

RESNICK and COOK, JJ., concur in the foregoing concurring opinion.

—————————————

**DOUGLAS, J., concurring.**

{¶ 11} I continue to believe that the proper action in this matter is to deny appellant's motion for stay of the court of appeals' judgment. Accordingly, I adhere to my original vote.

—————————————

**PFEIFER, J., dissenting.**

{¶ 12} Mine was, and is, an informed vote to continue the original stay in this case. I reviewed the appellate court decision, and was aware of the facts and appealable issues before making my decision. The trial judge's post-filing rescinding of bond does not change my opinion. The finding that the defendant had an intent to flee the jurisdiction was based upon an assertion that no one was willing to back up in court. Audrey Iacona has suffered and will continue to suffer whether or not she is behind bars during the pendency of her appeal. I would stay the judgment of the court of appeals and reinstate the original bond.

—————————————