DECISION
{¶ 1} This is an appeal in a criminal case. Appellant seeks review of the decision and entry filed by the trial court on January 14, 2005. In that entry, the trial court denied appellant's motion to reconsider the sentence imposed by the court on December 16, 2003.
 {¶ 2} On June 23, 2003, appellant, Michael J. Steele, was indicted by the Franklin County Grand Jury. The indictment alleged five counts: breaking and entering, R.C. 2911.13, a felony of the fifth degree, theft, R.C. 2913.02, a felony of the fifth degree, escape, R.C. 2921.34, a felony of the fifth degree, assault, R.C. 2903.13, a felony of the fourth degree, and aggravated robbery, R.C. 2911.01, a felony of the first degree. Count 5 of the indictment was based on allegations that appellant knowingly took or attempted to take a law enforcement officer's weapon while the officer was in the performance of his official duties.
 {¶ 3} On December 10, 2003, with counsel, appellant entered into a negotiated plea agreement whereby appellant pleaded guilty to Count 1 of the indictment, breaking and entering, a felony of the fifth degree and to theft as a felony of the third degree, an agreed, lesser included offense of the aggravated robbery that was charged in Count 5 of the indictment. As part of the plea bargain, a nolle prosequi was entered on Counts 2, 3 and 4 of the indictment.
 {¶ 4} Pursuant to the plea bargain, the parties jointly recommended a sentence of three years. The court accepted the joint recommendation and imposed concurrent sentences of 11 months on Count 1 and three years on Count 5 of the indictment. The sentencing entry was filed on December 16, 2003. No appeal was taken from that judgment.
 {¶ 5} Appellant's "Nunc-Pro-Tunc" filing of November 17, 2004 sought to have his sentence on theft as the stipulated, lesser included offense of Count 5, modified to a term of one year, rather than the agreed upon three year sentence. Appellant reasoned that whatever was stolen was less than $5,000 in value and therefore, the crime could be no more than a felony of the fifth degree and punishable by no more than one year in prison.
 {¶ 6} The trial court treated the filing as a motion for reconsideration of the sentence and denied the motion on January 14, 2005. This appeal followed.
 {¶ 7} Appellant raises the following five assignments of error.
FIRST ASSIGNMENT OF ERROR:
COUNSEL FAILURE TO RAISE THE ISSUE OF THE MONETARY VALUE OF THE PROPERTY STOLEN.
SECOND ASSIGNMENT OF ERROR:
THE STATUE [sic] OF THEFT GOES BY THE VALUE OF PROPERTY STOLEN, AND THE VALUE OF PROPERTY STOLEN, WAS LESS THAN ONE THOUSAND DOLLARS, AND BY THAT AMOUNT THE THEFT IS A FIFTH DEGREE FELONY, UNDER THE OHIO REVISED CODE 2913.02 AND PUNISHABLE TO ONE YEAR IN PRISON.
THIRD ASSIGNMENT OF ERROR:
UNDER CRIMINAL RULE 11, THE HONORABLE JUDGE O'NEIL, FAILED TO HOLD A HEARING ON THE MONETARY VALUE OF THE PROPERTY STOLEN, WHICH CREATED A GRAVE MISCARRIAGE OF JUSTICE.
FOURTH ASSIGNMENT OF ERROR:
PROSECUTION WITHHELD THIS EVIDENCE, TO SHOW DUE PROCESS, THE FACTS ARE CLEAR, THAT THE "DENIAL" OF THIS EVIDENCE, DENIED MR. STEELE, OF HIS DUE PROCESS OF LAW, WHICH IS GUARANTEED THROUGH THE FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENT OF THE CONSTITUTION OF U.S. OF AMERICA.
FIFTH ASSIGNMENT OF ERROR:
WHERE A SENTENCE IS CONTRARY, TO THE STATUE [sic] OF A THIRD DEGREE FELONY, THE CASE SHOULD BE REVERSED, ON THE COUNT THAT THE MONETARY VALUE OF PROPERTY STOLEN WAS LESS THAN ONE THOUSAND DOLLARS.
 {¶ 8} Before proceeding to discuss appellant's claims of error, we must first address whether this case is properly before the court. In Ohio, criminal procedure is regulated entirely by statute. MunicipalCourt of Toledo v. State, ex rel. Platter (1933), 126 Ohio St. 103, paragraph one of the syllabus. In a criminal case, once a lawful sentence has begun, the trial court has only such power to modify that sentence as may be granted by the General Assembly. State v. Addison (1987),40 Ohio App.3d 7.
 {¶ 9} There is no provision in Ohio law for reconsideration of a valid, final judgment. Motions for reconsideration of a valid, final judgment of a trial court are a nullity. Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378. This is equally true in a criminal case. Cleveland Heights v. Richardson (1983), 9 Ohio App.3d 152;City of Brook Park v. Necak (1986), 30 Ohio App.3d 118; State v. Kean
(Jan. 25, 1990), Franklin App. No. 89AP-152.
 {¶ 10} Appellant was sentenced pursuant to his plea bargain. He received the precise sentence for which he bargained. That sentence was a lawful sentence for the crime to which appellant entered a guilty plea; theft is a felony of the third degree. The sentence was imposed on December 16, 2003. No appeal was taken from that sentence. Therefore, the sentence became final and was executed upon.
 {¶ 11} In effect, appellant's "Nunc-Pro-Tunc" filing was a motion seeking reconsideration of the valid final judgment of the trial court entered 11 months earlier. A trial court has no jurisdiction to reconsider a valid final judgment. State ex rel. Hansen v. Reed (1992),63 Ohio St.3d 597. Because there is no provision in law for a motion to reconsider a valid final sentence, the motion was a nullity and no appeal lies. State v. Harbert, Summit App. No. 20955, 2002-Ohio-6114. Accordingly, this appeal must be dismissed.
 {¶ 12} Even if we had authority to consider the current appeal, appellant's claims are without merit. Apparently, appellant argues that theft cannot be a lesser included offense of aggravated robbery. Therefore, his plea to theft as a felony of the third degree was not valid. We disagree.
 {¶ 13} A voluntary, counseled guilty plea to an offense constitutes a waiver of the right to indictment. Stacy v. Van Coren (1969),18 Ohio St.2d 188, 189. Thus, when appellant negotiated a plea to a reduced charge to resolve the case against him, he waived any claim that the offense of theft had not been indicted by a grand jury. {¶ 14} Additionally, the doctrine of invited error precludes appellant from raising a claim that he, himself, induced the trial court to make. Stateex rel. Beaver v. Konteh, Warden (1998), 83 Ohio St.3d 519, at 520-521;State ex rel. Beaucamp v. Lazaroff, Warden (1997), 77 Ohio St.3d 237. Faced with prosecution for aggravated robbery, a felony of the first degree that carries a potential sentence of up to ten years in prison, and a presumption that prison is the appropriate sentence, appellant plea bargained for a lesser charge and a lesser sentence. If there were error, appellant invited the error himself and will not be heard to complain.[1]
 {¶ 15} Finally, we note that appellant does not explain his general claims that the indictment was fabricated, that he was subject to police brutality or that there was a lack of evidence. Appellant fails to make any argument or explain why his comments and references to theories of negligence, due care, reasonable and prudent persons, double jeopardy and the multiple counts statute, R.C. 2941.25, have anything to do with this case. Even if those vague and unexplained references could be considered to be claims of error, they were waived by appellant's failure to raise and address them in the trial court.
 {¶ 16} Because appellant's attempt to have the trial court reconsider the sentence imposed in this case on December 16, 2003 was a nullity, this appeal is dismissed.
Appeal dismissed.
French and McGrath, JJ., concur.
[1] Were appellant successful in setting aside his plea to the reduced charge of theft, the original indictment would be reinstated and appellant would face prosecution for aggravated robbery along with all other counts of the indictment.