[Cite as *State v. Atkinson*, 2013-Ohio-4887.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-297 |
| v. | : | (C.P.C. No. 12CR-1309) |
| Matthew Atkinson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 5, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for
appellee.

*Matthew Atkinson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Matthew Atkinson, appeals from a judgment of the
Franklin County Court of Common Pleas denying his motion to correct sentence. For the
following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} On March 12, 2012, a Franklin County Grand Jury indicted appellant with a
variety of charges arising from a fatal two-car accident. Appellant was driving his car
while intoxicated and crashed into another car, killing a person in that car. Appellant
initially entered a not guilty plea to the charges but ultimately decided to enter a guilty
plea to one count of aggravated vehicular homicide, a felony of the second degree. The

trial court accepted appellant's guilty plea, found him guilty, and sentenced him to a prison term of six years.

{¶ 3} Appellant did not appeal his conviction or sentence. Instead, more than three months after his sentencing, he filed a motion to correct sentence, in which he argued that the trial court should change his sentence because the six-year prison term was not reasonable. The trial court denied appellant's motion for a number of reasons, including res judicata. The trial court also found that appellant's motion was a nullity because it was, in effect, an improper motion for reconsideration.

## II. The Appeal

{¶ 4} Appellant appeals the trial court's denial of his motion and assigns the following errors:

> [1.] Whether the trial court abused its discretion in ignoring the effects of PTSD.
>
> [2.] Whether the trial court abused its discretion in failing to adhere to the sentencing statutes.
>
> [3.] Whether the trial court abused its discretion by ignoring Appellant's rights of due process.

{¶ 5} Because appellant's assignments of error all fail for the same reasons, we address them together. In each of the assignments of error, appellant argues the trial court did not properly sentence him. We reject those arguments for two reasons.

## A. Appellant's Motion for Reconsideration of a Final Judgment is a Nullity

{¶ 6} First, we agree with the trial court that appellant's motion was a nullity because it was, in effect, a motion for reconsideration. Appellant argued in his motion that the trial court should modify his sentence. The judgment imposing appellant's sentence was a final judgment which appellant did not appeal. There is no authority for the filing of a motion for reconsideration of a final judgment at the trial court level in a criminal case. *State v. Leach*, 12th Dist. No. CA2004-02-011, 2005-Ohio-2370, ¶ 6; *State v. Steele*, 10th Dist. No. 05AP-92, 2005-Ohio-4786, ¶ 9. Lacking that authority, such a motion is a nullity. *Id.* Thus, to the extent that appellant's motion asked the trial court to reconsider the sentence it previously imposed upon him, the motion was a nullity because

the trial court could not reconsider its own valid final judgment. *State v. Wilson*, 10th Dist. No. 05AP-939, 2006-Ohio-2750, ¶ 9, citing *Steele* at ¶ 11; *State v. Glenn*, 4th Dist. No. 11CA931, 2012-Ohio-3190, ¶ 10.

## B. Res Judicata Bars Consideration of Appellant's Sentencing Arguments

{¶ 7} Second, appellant's assignments of error are barred by res judicata. Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. *State v. Brown,* 167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 7 (10th Dist.), citing *State v. Szefcyk,* 77 Ohio St.3d 93, 96 (1996).

{¶ 8} These assignments of error all could have been raised in an appeal of his conviction and sentence to this court. *State v. Vance*, 10th Dist. No. 10AP-321, 2011-Ohio-834, ¶ 8 (assignments of error concerning validity and length of prison sentence barred by res judicata because issues could have been raised in direct appeal); *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 15 (res judicata prohibited appellant's arguments regarding his sentence that could have been raised on direct appeal). Having failed to appeal, res judicata bars appellant from raising these issues now.

## III. Conclusion

{¶ 9} For these reasons, the trial court did not err by denying appellant's motion to correct sentence. Accordingly, we overrule appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.