[Cite as *State v. Hackney*, 2014-Ohio-1743.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                     :

                                              No. 13AP-432
v.                                               :           (C.P.C. No. 91CR-07-3808C)

Luther Hackney,                                  :           (REGULAR CALENDAR)

      Defendant-Appellant.                    :

---

D E C I S I O N

Rendered on April 24, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Luther Hackney*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Luther Hackney, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to modify or reduce his sentence. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} In 1991, appellant entered a guilty plea to one count of aggravated burglary. The trial court accepted his guilty plea, found him guilty, and sentenced him to a prison term of 6 to 25 years. Appellant did not appeal his sentence or conviction.

{¶ 3} In August 1994, the trial court suspended appellant's sentence and placed him on probation for a period of four years. Three years later, in October 1997, the trial court revoked appellant's probation based upon his admitted violations of the terms and

conditions of his probation.  The trial court also reimposed the balance of the original prison term imposed in 1991.  Appellant did not appeal that decision.

{¶ 4}  In 2013, appellant filed in the trial court a motion to reduce/modify sentence.  Appellant asked the trial court to reduce his sentence to a term of 20 years.  The trial court denied his motion, concluding that it lacked jurisdiction to modify his sentence.

## II.  Appellant's Appeal

{¶ 5}  Appellant appeals and assigns the following errors:

> [1.] THE TRIAL COURT ERRORED [SIC] BY REVOKING DEFENDANT-APPELLANTS PAROLE, BY GIVING BY HOLDING HIM TO A HIGHER STANDARD OF PUNISHMENT THEN IS REQUIRED BY LAW, BY NOT ALLOWING OR ACCEPTING MY MOTION FOR A MODIFICATION TO MODIFY MY SENTENCE TO ONE THAT IS PROSCRIBED BY LAW.  ALL IN VIOLATION OF MY DUE PROCESS AND EQUAL PROTECTION PROVISIONS OF THE UNITED STATES AND OHIO CONSTITUTIONS.
>
> [2.] DOES A TRIAL COURT VIOLATE A PROBATIONERS RIGHT TO DUE PROCESS AND EQUAL PROTECTION BY FAILING TO SENTENCE HIM TO THE SAME AMOUNT OF PRISON TIME AS IS REQUIRED BY LAW FOR OTHERS WHEN ROBBERY CARRYS [SIC] AN ELEVEN YEAR MAXIMUM SENTENCE AND I WAS GIVEN A TWENTY-FIVE YEAR SENTENCE FOR THE SAME CRIME.

### A.  Appellant's Motion to Modify Sentence

{¶ 6}  We will address appellant's two assignments of error together.  In both assignments of error, appellant argues that the trial court erred by denying his motion to modify his sentence.  We disagree.

{¶ 7}  Appellant argued in his motion that the trial court should modify his sentence. The judgment imposing appellant's sentence was a final judgment.  Appellant did not appeal that judgment. There is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case.  *State v. Atkinson*, 10th Dist. No. 13AP-297, 2013-Ohio-4887, ¶ 6; *State v. Steele*, 10th Dist. No. 05AP-92, 2005-Ohio-4786, ¶ 9.  Such a motion is a nullity. *Id.* Thus, to the extent that appellant's motion asked the trial court to reconsider the sentence it previously imposed upon him, the motion was a nullity because the trial court lacks jurisdiction to reconsider its own valid final

judgment. *State v. Wilson*, 10th Dist. No. 05AP-939, 2006-Ohio-2750, ¶ 9, citing *Steele* at ¶ 11; *State v. Glenn*, 4th Dist. No. 11CA931, 2012-Ohio-3190, ¶ 10. Thus, the trial court did not err when it denied appellant's motion to modify or reduce his sentence.

{¶ 8} To the extent that appellant raises arguments about the revocation of his probation and the reimposition of his original sentence in 1997, those arguments could have been raised in an appeal from that decision. *State v. Ingram*, 3d Dist. No. 3-02-26, 2002-Ohio-6074, ¶ 5 (defendant required to file appeal from sentencing after revocation of probation to raise issues about that sentence). Under the doctrine of res judicata, a final judgment bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. *State v. Brown,* 167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 7 (10th Dist.), citing *State v. Szefcyk,* 77 Ohio St.3d 93, 96 (1996). Having failed to appeal from the revocation of his probation and the reimposition of his original sentence, res judicata bars appellant from raising these issues now.

### III. Conclusion

{¶ 9} For these reasons, the trial court did not err by denying appellant's motion to modify or reduce his sentence. Accordingly, we overrule his two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and CONNOR, JJ., concur.

————————————