[Cite as *State v. Kendig*, 2014-Ohio-5529.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-495 |
| v. | : | (C.P.C. No. 13CR-1612) |
| Dale R. Kendig, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 16, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Dale R. Kendig*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Dale R. Kendig, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for jail-time credit.

I. BACKGROUND

{¶ 2} In a four-count indictment rendered March 25, 2013, appellant was charged with burglary and theft, each with a firearm specification, and two counts of having a weapon while under disability ("WUD"). On February 20, 2014, appellant entered pleas of guilty to burglary without specification and one count of WUD. At sentencing, the trial court imposed the jointly-recommended sentence of two years on the WUD charge to run consecutive to a sentence imposed in Crawford County case No. 13CR-111. With respect to the burglary charge, the trial court sentenced appellant to five years intensive specialized

chemical dependency community control to be served upon appellant's release from prison. Additionally, the trial court awarded zero days of jail-time credit as stipulated to by the parties. A judgment entry reflecting appellant's convictions was filed February 21, 2014.

{¶ 3} On March 14, 2014, appellant filed a motion seeking 219 days of jail-time credit. In addition to other alleged periods of confinement, appellant asserted that he was entitled to 32 days of jail-time credit for his confinement alleged to have occurred between March 15 and April 17, 2013. The state opposed the motion, and on April 3, 2014, the trial court rendered a judgment denying appellant's motion. On May 12, 2014, appellant filed another motion for jail-time credit, this time seeking 32 days of jail-time credit again for his confinement alleged to have occurred between March 15 and April 17, 2013. The state opposed the motion, and on May 22, 2014, the trial court rendered a judgment denying the May 12 motion.

## II. ASSIGNMENT OF ERROR

{¶ 4} This appeal followed, and appellant brings the following assignment of error for our review:

> The trial court violated appellant[']s due process and equal protection rights when it denied his motion for jail time credit.

## III. DISCUSSION

{¶ 5} Before addressing the merits of this claimed error, we must first address whether this case is properly before this court. As noted in our discussion of this matter's procedural background, appellant filed a motion for jail-time credit on March 14 seeking 219 days of jail-time credit, consisting in part of a 32-day period of confinement alleged to have occurred between March 15 and April 17, 2013. On April 3, the trial court denied the motion on three separate grounds, and no appeal was taken from said judgment. Appellant filed another motion for jail-time credit on May 12. The May 12 motion again sought 32 days of jail-time credit for confinement alleged to have occurred between March 15 and April 17, 2013. The trial court denied the May 12 motion on May 22.

{¶ 6} Because appellant's May 12 motion sought jail-time credit for the same period of confinement that was sought in appellant's March 14 motion, in effect,

appellant's May 12 motion was a motion seeking reconsideration of the valid and final April 3 judgment that denied appellant's March 14 motion. There is no authority, however, for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case. *State v. Hackney*, 10th Dist. No. 13AP-432, 2014-Ohio-1743, ¶ 7, citing *State v. Atkinson*, 10th Dist. No. 13AP-297, 2013-Ohio-4887, ¶ 6; *State v. Steele*, 10th Dist. No. 05AP-92, 2005-Ohio-4786, ¶ 9. Thus, such a motion is a nullity. *Id.* Because the motion is a nullity, no appeal lies and this appeal must be dismissed. *Id.* at ¶ 11, citing *State v. Harbert*, 9th Dist. No. 20955, 2002-Ohio-6114.

## IV. CONCLUSION

{¶ 7} Because appellant's attempt to have the trial court reconsider its judgment denying his motion for jail-time credit is a nullity, we dismiss this appeal.

*Appeal dismissed.*

CONNOR and DORRIAN, JJ., concur.

_____